UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MACQUILLIE WOODARD, JR.,

    Plaintiff,

  v.            CAUSE NO. 1:21-CV-438-DRL-SLC

QUALITY CORRECTIONAL CARE, LLC *et al.*,

    Defendants.

OPINION AND ORDER

Macquillie Woodard, Jr., a prisoner without a lawyer, filed an amended complaint. ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Woodard's amended complaint alleges that Amanda Doe, a jail psychologist, refused to see him in a timely fashion and, once she did see him, she offered no long-term care plan or useful treatment options. Furthermore, when he complained about her treatment of him, she allegedly claimed Mr. Woodard refused care. Mr. Woodard offers no further details. These allegations are too vague to state a claim.

Mr. Woodard's amended complaint also names Sheriff David Gladieux as a defendant. Mr. Woodard is suing Sheriff Gladieux because he was in charge of the jail and allegedly responsible for both understaffing the jail's psychology department and how the jail processes requests for care. Mr. Woodard's proposed amended complaint does not allege that Sheriff Gladieux was personally involved in his allegedly inadequate care. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Furthermore, the allegations regarding understaffing and processing of requests are too vague to state a claim.

Mr. Woodard's complaint names Quality Correctional Care as a defendant. Mr. Woodard is suing Quality Correctional Care because it hired Amanda Doe and allegedly promoted her practices, but again his allegations are too vague. Furthermore, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

Finally, he has sued "Allen County/Detainer" and "United States/Detainer" for placing him in these conditions and failing to respond to his requests for help. The amended complaint, however, does not allege facts from which it can be plausibly inferred that any of Mr. Woodard's rights were violated, much less that the United States or Allen County can be held liable for what happened to Mr. Woodard.

The amended complaint is short on facts, dates, and specifics about Mr. Woodard's care. Based on what it does say, it is not plausible to infer that he received constitutionally inadequate care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint does not state a claim for which relief can be granted. Mr. Woodard has already had one opportunity to amend his complaint. Nonetheless, if Mr. Woodard believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Woodard may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*,

3

898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Macquillie Woodard, Jr. until **November 9, 2022**, to file a second amended complaint; and

(2) CAUTIONS Macquillie Woodard, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 12, 2022                             *s/ Damon R. Leichty*
                                                                  Judge, United States District Court