UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MACQUILLIE WOODARD, JR.,

    Plaintiff,

        v.                                     CAUSE NO. 1:21-CV-438-DRL-SLC

QUALITY CORRECTIONAL CARE, LLC
*et al.*,

    Defendants.

OPINION AND ORDER

Macquillie Woodard, Jr., a prisoner without a lawyer, filed a second amended complaint. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must still review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Woodard's second amended complaint alleges essentially the same facts as his previous complaint. Mr. Woodard has spent most of his adult life incarcerated. He was arrested on July 22, 2020, after he was accused of shooting his child. Before his arrest, he was seeing a physician who prescribed medication for his mental health needs. This medication was continued by the medical staff at the Allen County jail following Mr. Woodard's arrest. However, he was in the process of finding a psychologist when he was

arrested, and he felt he needed additional mental health services beyond the medication he was being provided. He made multiple requests for mental health treatment. Amanda Doe, a jail psychologist, refused to provide "true mental health support, help or evaluation" both before and after his October 2020, trial. ECF 24 at 2. Eventually, because Mr. Woodard did not trust Amanda, the jail commander arranged for Mr. Woodard to see another mental health provider. When this decision was made, Amanda called Mr. Woodard down to tell him that he would see someone else—a meeting that Mr. Woodard describes as unnecessary. At that meeting, she had a stack of requests slips from Mr. Woodard, and she told him that "this has got to stop and it's going to!" *Id.* Mr. Woodard indicates he was afraid for his health and safety based on this comment. In January 2021, Mr. Woodard learned that Amanda noted at some point that he had refused care. He disputes this assertion.

The court found that Mr. Woodard's prior complaint did not state a claim against Amanda Doe because his allegations were too vague. The second amended complaint does not solve this deficiency. Though Mr. Woodard has included additional facts regarding his history and the charges against him, he has not provided details regarding the nature of his mental health problems. As to his mental health needs while at the Allen County Jail, Mr. Woodard provides nothing more than vague assertions that he had mental health needs and that Amanda failed to meet his needs adequately. This is insufficient to state a claim.

Mr. Woodard's second amended complaint also names Sheriff David Gladieux as a defendant. Mr. Woodard is suing Sheriff Gladieux because it was his responsibility to

ensure psychiatric care was provided to inmates. Mr. Woodard's second amended complaint does not allege that Sheriff Gladieux was personally involved in decisions regarding his mental health care. There is no *general respondeat* superior liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Additionally, Mr. Woodard's second amended complaint names Quality Correctional Care as a defendant. Mr. Woodard is suing Quality Correctional Care because health workers see inmates at the sally port, where they lack privacy from other inmates and custody staff. Again. these allegations are too vague to state a claim. Furthermore, Quality Correctional Care is not liable for the alleged acts of Amanda Doe, even if the care she provided was constitutionally inadequate. "[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

Mr. Woodard has had two opportunities to amend his complaint in this case, and he still has not stated a claim. For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

March 20, 2023                                         *s/ Damon R. Leichty*
                                                       Judge, United States District Court